IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2017-NMSC-001

Filing Date: October 13, 2016

Docket No. S-1-SC-35395

STATE OF NEW MEXICO,

      Plaintiff-Respondent,

v.

JASON BAILEY,

      Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
Denise Barela-Shepherd, District Judge

Bennett J. Baur, Chief Public Defender
C. David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Respondent

**OPINION**

**VIGIL, Justice.**

## I.    INTRODUCTION

**{1}** Defendant Jason Bailey appeals his conviction for second-degree criminal sexual contact of a minor pursuant to NMSA 1978, Section 30-9-13(B) (2004). Defendant argues that admission of evidence of his uncharged conduct was improper under Rule 11-404(B)(1) NMRA and Rule 11-403 NMRA. Because the other-act evidence that Defendant objects to was properly admitted for the purpose of demonstrating Defendant's intent under Rule 11-

404(B)(2), and the evidence was not unduly prejudicial under Rule 11-403, we affirm the conviction. And, by this opinion, we further explicate the proper application of Rule 11-404(B) in our district courts as it pertains to admission of other-act evidence bearing on an accused's intent.

## II.    BACKGROUND

**{2}**    Victim came to live with her father, Defendant, upon removal from her mother's home by the Children, Youth, and Families Department (CYFD) following sexual abuse perpetrated upon Victim by the mother's boyfriend and Victim's older half-sister. At the time, Defendant was living in Albuquerque with his wife and two young daughters. Victim was removed from Defendant's home on April 10, 2008, when police responding to an unrelated disturbance, decided that Victim and the other children needed to be placed into CYFD custody. Victim then reported in a S.A.F.E. House interview that she had been sexually abused by Defendant on three different occasions while in his custody. The family had moved several times before Victim's removal, with the alleged abuse occurring chronologically at apartments in Albuquerque, Rio Rancho, and Albuquerque again. The location of the abuse is relevant because Defendant was charged in Bernalillo County, and the Second Judicial District Court has no jurisdiction over the conduct that occurred in Sandoval County.

**{3}**    Defendant was indicted on nine felony counts in light of the allegations of sexual abuse. Victim's testimony and statements to third parties formed the basis for the charges. There were two trials, the first ending with a directed verdict in favor of Defendant on five of the counts and a hung jury with respect to the remaining four. Defendant was retried on those four counts and ultimately found guilty of criminal sexual contact of a minor.

**{4}**    The first incident of Albuquerque abuse (the masturbation incident), occurred after Victim exited the shower and walked into her room where she saw her younger sister "doing something and [she] did that same thing." Defendant then came into the sisters' room, where Victim describes him as saying they were masturbating, and instructed Victim to stop before he briefly left the room to retrieve some ointment. Then, using his finger, Defendant put the ointment around the outside of Victim's genitals, making Victim uncomfortable and causing her to ask him to stop and to let her do it herself. Defendant complied, and she continued. When asked at trial whether Defendant had told her not to masturbate, Victim testified that "[h]e told me not to do it at first, but then he came in and basically showed me how to do it."

**{5}**    The second incident of abuse, occurring in Rio Rancho (the uncharged Sandoval County incident), happened one night when Victim was roused from her sleep by Defendant to watch a movie in the living room. After joining Defendant on the living room couch, Defendant lay down and "put [Victim] on top of him and then he stuck his hands down" the front of her pants. In doing so, Defendant was alleged to have put ointment on his finger, rubbed the outside of Victim's genitals, and digitally penetrated Victim with his finger. Victim testified that this made her feel "uncomfortable," "like [she] was forced to let those

2

things happen." With respect to the digital penetration, Victim's pretrial statement was inconsistent with both her initial S.A.F.E. House statement and trial testimony—she told defense counsel pretrial that she really did not think it had actually occurred.

**{6}** The third incident of abuse (the shower incident), occurred in Albuquerque. Some of the abuse that occurred while Victim lived with her mother had occurred in the shower with her half-sister. Victim testified that while living with Defendant she disliked showering, so she would often just turn on the water and pretend as though she had bathed. One day, when Victim untruthfully told Defendant that she had showered, he inspected the bar of soap to see if it was dry—and it was, making Defendant mad. Determined to make her bathe, Defendant brought Victim into the shower with him. He instructed her not to turn and look at his body, but Victim testified that she was unable to avoid doing so. Defendant scrubbed Victim's body with the washcloth and soap, causing her genital discomfort. It is these facts that underlie Defendant's conviction for criminal sexual contact.

**{7}** Before the first trial the State moved to admit, amongst other things, evidence of the uncharged Sandoval County incident pursuant to Rule 11-404(B)(2). The district court declined to admit the evidence, emphasizing that it did not have jurisdiction over conduct occurring in Sandoval County. The State did not object to the Court's decision to preclude admission of the evidence during the first pretrial hearings. As the first trial progressed though, the State realized that the issue of intent was Defendant's main argument—i.e., he lacked an unlawful intent because the contact in the charged incidents was merely parental conduct that Victim was misinterpreting—and thus, the State determined that the uncharged Sandoval County incident would indeed be quite relevant. Therefore, before the second trial, the State renewed its motion to admit the evidence under Rule 11-404(B)(2) in order to demonstrate Defendant's unlawful intent, arguing that the evidence was necessary to rebut Defendant's presentations at the first trial that the contact during both the masturbation incident and shower incident occurred for hygienic, medical, or "parental" reasons. The State claimed that the evidence of the uncharged Sandoval County incident would put "into issue that the witness is misinterpreting [the conduct]" as being sexual instead of hygienic or medical, and that Defendant had opened himself up to admission of the evidence by arguing that he committed the acts but lacked an unlawful sexual intent during their commission.

**{8}** The district court once again denied the State's motion to admit the evidence under Rule 11-404(B)(2) because this evidence was "only being offered to prove the witness' understanding," and not one of the Rule 11-404(B)(2) exceptions, and because it was "more prejudicial than probative." Yet, the district court provided the caveat that "should the defense open the door, you'll always have the opportunity to ask the Court for reconsideration or maybe even bring it in as rebuttal."

**{9}** At the second trial, Defendant conceded that "intent is always an issue . . . [i]t's an issue here," and that the defense strategy hinged on a psychologist's testimony that would support Defendant's assertion that "the child has a tendency to misinterpret what's going on, and I think that goes to the heart of our defense." As well, two days into trial, during

Defendant's cross-examination of Victim, Victim gave testimony suggesting that she was confused and had an intermingled recollection of the Sandoval and Bernalillo County incidents. In essence, defense counsel told Victim that she had said in her S.A.F.E. House interview that Defendant, during the masturbation incident, "had taken [her] pants off," and "had actually pulled [her] pants down and then applied the ointment," to which Victim replied, "I think that was a different incident. . . . I don't think that happened."

**{10}** In response to this line of questioning, the State understandably raised concerns. Ultimately, by eliciting testimony wherein Victim confused the two scenarios—the Sandoval County incident, where she was dressed, and the masturbation incident, where she had just exited the shower unclothed—the narrative presented to the jury contained an unexplained inconsistency. Without knowing that there was a similar incident where Victim had been wearing pants, the jury could have been confused. As a result of those concerns, the State renewed its motion to present evidence of the uncharged Sandoval County incident; and, following Victim's voir dire testimony about the incident, the district court granted the motion. Reasoning that the two incidents were "similar in kind and not overly remote in time and the potential prejudice does not substantially outweigh the [probative] effect," the district court admitted the evidence under Rule 11-404(B)(2) for the purpose of establishing Defendant's sexual intent during commission of the charged incidents.

**{11}** Defendant was found guilty of criminal sexual contact of a minor in the second degree, as a lesser included offense of the original charge of criminal sexual penetration, contrary to Section 30-9-13(B), as charged in Count Two, but not guilty on Counts One, Three, and Four. The Court of Appeals affirmed Defendant's conviction in a split opinion. *See Bailey*, 2015-NMCA-102. We granted certiorari to the Court of Appeals pursuant to Rule 12-502 to review whether the admission of evidence of an uncharged incident was correct and in accordance with Rule 11-403 and Rule 11-404(B)(2). In doing so, we endeavor to provide guidance in striking the right balance under Rule 11-404(B) between the proper use of such evidence to prove intent and the prohibited use to show one's propensity to commit a crime—a realm that courts have struggled with for decades.

### III. STANDARD OF REVIEW

**{12}** This Court reviews a district court's decision to admit evidence under Rule 11-404(B) and Rule 11-403 for an abuse of discretion. *State v. Otto*, 2007-NMSC-012, ¶¶ 9, 14, 141 N.M. 443, 157 P.3d 8. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Apodaca*, 1994-NMSC-121, ¶ 23, 118 N.M. 762, 887 P.2d 756 (citations omitted).

### IV. DISCUSSION

#### A. Applicable Law

**{13}** "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 11-404(B)(1). The other-act evidence may, however, be admissible for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2).

**{14}** In *Otto*, this Court held that the list of permissible reasons to admit other-act evidence is not exhaustive, providing "evidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." 2007-NMSC-012, ¶ 10; *see also State v. Jones*, 1995-NMCA-073, ¶ 8, 120 N.M. 185, 899 P.2d 1139 ("New Mexico allows use of other bad acts for many reasons, including those not specifically listed in [Rule] 11-404(B)."). Importantly, then, "Rule 11-404(B) is a rule of inclusion, not exclusion, providing for the admission of all evidence of other acts that [are] relevant to an issue in trial, other than the general propensity to commit the crime charged." *State v. Phillips*, 2000-NMCA-028, ¶ 21, 128 N.M. 777, 999 P.2d 421, *cert. denied*, 128 N.M. 689, 997 P.2d 821 (internal quotation marks and citation omitted).

**{15}** Nevertheless, the district court must still consider whether "the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." *Otto*, 2007-NMSC-012, ¶ 10 (discussing *State v. Gaitan*, 2002-NMSC-007, ¶ 26, 131 N.M. 758, 42 P.3d 1207). *See State v. Gallegos*, 2007-NMSC-007, ¶ 22, 141 N.M. 185, 152 P.3d 828 ("[E]ven if other-acts evidence is relevant to something besides propensity, such evidence will not be admitted if the probative value related to its permissible purpose is substantially outweighed by the factors enumerated in Rule 11-403." (citations omitted)).

**{16}** Rule 11-403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice, in the context of Rule 11-403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). Evidence is unfairly prejudicial "if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *Id.* (internal quotation marks and citation omitted). The determination of unfair prejudice is "fact sensitive," and, accordingly, "much leeway is given trial judges who must fairly weigh probative value against probable dangers." *Otto*, 2007-NMSC-012, ¶ 14 (internal quotation marks and citation omitted). Rule 11-403 does not guard against any prejudice whatsoever, but only against unfair prejudice. *Id.* However, we will "not . . . simply rubber stamp the trial court's determination." *State v. Torrez*, 2009-NMSC-029, ¶ 9, 146 N.M. 331, 210 P.3d 228 (internal quotation marks and citation omitted).

**B. Admission of the Uncharged Sandoval County Incident Evidence Under Rule**

**11-404(B)(2)**

**{17}** Section 30-9-13(A), under which Defendant was convicted, makes criminal "the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts." The jury was appropriately instructed that the State needed to prove that Defendant touched Victim in an unlawful manner—that is, "with [an] intent to arouse or gratify sexual desire or to intrude upon the bodily integrity or personal safety of [Victim]."

**{18}** The State points to the uncharged Sandoval County incident—where Victim alleged that Defendant sat her on his lap, reached down her pants, and applied ointment to her genitals while digitally penetrating her—as proof that Defendant was less likely to have lawfully touched Victim during the charged masturbation incident because what unfolded in Sandoval County could not reasonably be interpreted as normal parenting. Defendant responds that the Sandoval County incident is probative of Defendant's unlawful intent in the masturbation incident only by way of an improper inference premised on propensity. Defendant argues that the evidence relating to the Sandoval County incident is only probative because it demonstrates a propensity to behave with the intent of a child molester.

**{19}** The circumstances of the Sandoval County incident alter the probability that Defendant acted with lawful intent during commission of the masturbation incident involving this same victim. As our case law has recognized, however, Rule 404 imposes restrictions on the use of a particular kind of relevant evidence, criminal character or propensity, "not because the evidence lack[s] logical relevance, but because of its substantial prejudicial effect." *State v. Martinez*, 2008-NMSC-060, ¶ 23, 145 N.M. 220, 195 P.3d 1232 (explaining the policy considerations for Rule 404 character rules excluding otherwise probative evidence to protect against substantial prejudice). As a result, evidence of a person's propensity to commit a particular kind of intentional criminal conduct is not admissible merely to show that he intended to commit the charged conduct, even though it would satisfy Rule 404's definition of logical relevance. But while a propensity inference can arguably be drawn in this case from the uncharged Sandoval County incident, the law does not ban admission of potential propensity evidence that also goes to proving something other than Defendant's propensity to act in a certain way. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (stating that when certain evidence "has the dual nature of legitimate evidence of an element [of a charge] and illegitimate evidence of character" the evidence satisfies federal Rule 404(b) and admissibility is determined under federal Rule 403); *Gallegos*, 2007-NMSC-007, ¶ 22 (stating that evidence is inadmissible under Rule 11-404(B) only if "its sole purpose or effect is to prove criminal propensity"). That something was Defendant's unlawful intent in his behavior toward this particular victim.

**{20}** In applying Rule 11-404(B)(2)'s propensity evidence bar, this Court has taken care to distinguish between a defendant's propensity to engage in particular kinds of unlawful conduct and the defendant's intent directed toward the victim in the charged offense. Two cases provide especially useful guidance. First, *Sena* involved other-act evidence of the

6

defendant's "grooming" of a child victim to support the state's theory that the defendant had not applied ointment to the child victim's genitals with a strictly medical intent. 2008-NMSC-053, ¶ 14. In reversing the Court of Appeals and holding that the evidence was properly admitted as proof of the defendant's intent, we stated that "[a]s evidence of [d]efendant's sexually fraught conduct with the [c]hild, the grooming evidence was properly admitted to refute[ ] the evidence that [d]efendant touched the [c]hild strictly for medical reasons." *Id.* (alteration in original) (internal quotation marks and citation omitted). Accordingly, admission of the other-act evidence relating to the same victim was proper for demonstrating the defendant's specific, unlawful intent during commission of the charged conduct. *Id.* ¶¶14-15.

**{21}** Then, in *Otto* we analyzed whether evidence of a defendant's uncharged sexual acts with a child victim in Colorado could be properly admitted under Rule 11-404(B)(2) in a trial for charges relating to sexual abuse against the same child victim in Alamogordo. 2007-NMSC-012, ¶ 7. The defendant in *Otto* claimed that he was asleep and unconsciously molested the child victim—i.e., he lacked an unlawful intent and had merely committed an innocent mistake. *Id.* ¶ 11. We concluded that the other-act evidence of similar sexual acts perpetrated upon the child victim by that defendant was "properly admitted to show intent and absence of mistake or accident" during defendant's commission of the charged crimes. *Id.* ¶ 12 (footnote omitted).

**{22}** Here, as in *Otto* and *Sena*, Defendant specifically disputed the intent element of the crime for which he was standing trial. In fact, it was the only element of the crime that Defendant disputed. Given New Mexico's inclusionary view of Rule 11-404(B)(2), and particularly where a defendant refutes allegations of sexual contact with a minor victim by claiming that the sexual contact was parental or medical, we conclude that evidence of other acts directed to that victim that bear on a defendant's specific, unlawful intent to commit the charged offense are admissible under Rule 11-404(B)(2). *See Sena*, 2008-NMSC-053, ¶ 14; *Otto*, 2007-NMSC-012 ¶¶ 11-12; *see also Kerby*, 2007-NMSC-014, ¶ 26. Accordingly, we hold that the uncharged Sandoval County incident was properly admitted.

## C.  There Was No Undue Prejudice Requiring Exclusion of Evidence of the Sandoval County Incident Under Rule 11-403

**{23}** The next step in the analysis is to ensure that a defendant is not unduly prejudiced by admission of other-act evidence. *See* Rule 11-403. Here, there are two sources of potential prejudice to be weighed against the evidence's probative effect: 1) the inherently prejudicial nature of the evidence of the uncharged Sandoval County incident and 2) the alleged "surprise" Defendant faced by the evidence's mid-trial admission. We turn first to the inherently prejudicial nature of other-act evidence involving child molestation, and conclude that under Rule 11-403, the district court did not abuse its discretion by deciding that admission of the evidence of the uncharged Sandoval County incident was not unduly prejudicial.

7

## 1.    Inherently Prejudicial Nature of the Evidence

**{24}**    Defendant's intent was the only contested issue at trial, and the only evidence available to the State for proving intent came by Victim's testimony regarding her perception of the charged incidents. And, Defendant's case relied on convincing the jury that Victim's account was misguided because the perceived molestation was actually harmless parenting. Thus, admission of evidence of the uncharged Sandoval County incident—an occasion where Defendant's conduct could not be viewed as harmless parenting—was highly probative of the State's argument that Defendant was less likely to have been acting lawfully when committing the charged incidents. *See Otto*, 2007-NMSC-012, ¶ 15 ("Without the evidence of the uncharged acts, the jury was much more likely to believe that what happened in Alamogordo was a mistake or accident . . . There was no other evidence available to rebut this potential inference.").

**{25}**    The uncharged Sandoval County incident is also uniquely similar to one of the charged incidents in that on two occasions some type of ointment was used when Defendant made contact with Victim's genitals. Whereas the circumstances of the charged masturbation incident could reasonably be viewed as parental care in the abstract, the uncharged Sandoval County incident could not.   The uncharged other-act evidence is highly probative of Defendant's intent during the charged masturbation incident. *Cf. United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978) ("In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses.").

**{26}**    Despite the other-act evidence's probative value, the prejudicial nature of the uncharged Sandoval County incident was not diminutive. Evidence of sexual contact with a minor is uniquely and inherently prejudicial. Admission of such evidence  must be treated with caution in order to not unduly influence a jury's verdict. Yet, the task under Rule 11-403 is not to exclude all uniquely prejudicial evidence—just that evidence having an unduly prejudicial impact on a defendant that far outweighs the evidence's probative effect in proving an element of the State's case. In this case, where the sole defense presented by Defendant to the charged crimes was a lack of specific, unlawful intent, we conclude that the inherently prejudicial nature of the uncharged Sandoval County incident was not enough to outweigh its probative value. Thus, the district court's decision to admit the evidence was not an abuse of its discretion.

## 2.    Mid-trial Surprise

**{27}**    Defendant further argues that he suffered prejudice because he was surprised by the district court's mid-trial admission of the evidence of the uncharged Sandoval County incident. But, this is not a case where Defendant did not have knowledge of the incident, rather, Defendant merely thought the incident would not make its way into the trial. To claim surprise at its admission, particularly in light of the theory under which Defendant chose to proceed, being that he lacked an unlawful intent—ignores the district court's decision before the trial to exclude the other-act evidence because it believed "[t]his evidence is only being

8

offered to prove the witness' understanding," as opposed to one of the Rule 11-404(B) permissible reasons. The district court read into the record the language of Rule 11-404(B), and told the parties that it would be open to reconsideration of the issue as the trial progressed. As such, Defendant was well aware that the Sandoval County incident loomed large, and was not in any way misled by the district court or opposing counsel. *Cf. Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 15, 131 N.M. 317, 35 P.3d 972 (discussing discovery rules, but considering the similar context of unfair surprise by unanticipated testimony and rebuttal witnesses, and confining the concept of surprise to an instance where the identity of a witness was not disclosed at all).

**{28}** Plus, Defendant alluded to the uncharged Sandoval County incident at trial by confusing Victim and inadvertently eliciting cross-examination testimony about the incident. This fact discounts both Defendant's claim that he was unprepared and surprised by the admission of the other-act evidence, since his counsel referenced it. Moreover, cross-examination resulted in a potentially inconsistent statement by Victim, which the State could not rebut without reference to the uncharged Sandoval County incident. Defendant, having referred to the uncharged incident, greatly increased the evidence's probative nature. And, without deciding whether by this reference Defendant opened the door to admission of the other-act evidence, we conclude that the nature of the exchange at least indicates Defendant's knowledge that the uncharged Sandoval County incident was probative and relevant, and thus, might be admitted at some point during trial, despite the pretrial exclusion. As such, we conclude there was no unfair surprise influencing our prejudice analysis under Rule 11-403.

## V.    CONCLUSION

**{29}** The evidence of the uncharged Sandoval County incident is relevant to establishing Defendant's specific, unlawful intent during his commission of the charged incidents and was correctly admitted by the district court under Rule 11-404(B)(2). Likewise, the other-act evidence was more probative than prejudicial under Rule 11-403. We conclude, therefore, that the district court did not abuse its discretion by admitting the uncharged Sandoval County incident under both Rule 11-404(B)(2) and Rule 11-403.  Accordingly, we affirm Defendant's conviction.

**{30}    IT IS SO ORDERED.**

_____

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

_____

**CHARLES W. DANIELS, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


_____
**JUDITH K. NAKAMURA, Justice**