This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37701**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**FABIAN ELIAS GONZALES,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Aarons Law PC
Stephen D. Aarons
Hugh W. Dangler
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** The State appeals from the district court's order excluding evidence. In this Court's notice of proposed disposition, we proposed to summarily affirm. The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** The State argues in its memorandum in opposition that the district court erred in excluding evidence of Defendant Fabian Gonzales's drug use, particularly his drug use while in the company of Ms. Jessica Kelly, during the week preceding Child's death. [MIO 8] As this Court pointed out in its notice of proposed disposition, we review the exclusion of evidence for an abuse of discretion. *See State v. Bailey*, 2017-NMSC-001, ¶ 12, 386 P.3d 1007. We cannot say that a district court abuses its discretion unless its ruling is "clearly against the logic and effect of the facts and circumstances of the case" and "clearly untenable or not justified by reason." *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted).

**{3}** The State argues that evidence of Defendant's drug use should be admitted either as relevant to Defendant's knowledge of "the [alleged] risk of harm he created by inviting Ms. Kelley to live in the home and care for the child[,]" pursuant to Rule 11-404(B) NMRA, or as direct evidence of "the actus reus of child abuse by reckless endangerment." [MIO 12, 13] In either case, we note that the district court properly subjected the evidence to the balancing test contained in Rule 11-403 NMRA. *See Otto*, 2007-NMSC-012, ¶ 10 ("Before admitting evidence of other crimes, wrongs or acts, the [district] court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." (internal quotation marks and citation omitted)); *Ohlson v. Kent Nowlin Constr. Co.*, 1983-NMCA-008, ¶ 25, 99 N.M. 539, 660 P.2d 1021 (concluding that all evidence is subject to the balancing test contained in the predecessor to Rule 11-403).

**{4}** Rule 11-403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" Evidence is unfairly prejudicial if it "is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). However, "[d]etermining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the trial court." *State v. Sena*, 2008-NMSC-053, ¶ 16, 144 N.M. 821, 192 P.3d 1198. This is because determination of unfair prejudice is "fact sensitive," and, accordingly, "much leeway is given [to district court] judges who must fairly weigh probative value against probable dangers." *Otto*, 2007-NMSC-012, ¶ 14 (internal quotation marks and citation omitted).

**{5}** As this Court explained in its calendar notice, the connection between the State's proffered evidence and the elements of reckless child abuse could have been properly viewed by the district court as tenuous. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 46, 146 N.M. 698, 213 P.3d 1127 (concluding that the district court did not abuse its discretion in excluding evidence pursuant to Rule 11-403 where the probative value "had tenuous or limited relevance"); *Ohlson*, 1983-NMCA-008, ¶ 25 (concluding that evidence was inadmissible under the predecessor to Rule 11-403 where its probative value was tenuous).

**{6}** Additionally, New Mexico Courts have recognized the danger of unfair prejudice inherent in the type of evidence the State attempts to introduce. *See State v. Rael*, 1994-NMCA-043, ¶ 16, 117 N.M. 539, 873 P.2d 285 (concluding that references to the defendant's previous involvement in "illegal drug trafficking [were] so inflammatory" that they were properly excluded as unfairly prejudicial pursuant to Rule 11-403); *State v. Wrighter*, 1996-NMCA-077, ¶ 11, 122 N.M. 200, 922 P.2d 582 (concluding that references to a defendant's prior drug transactions should have been excluded as unfairly prejudicial pursuant to the predecessor to Rule 11-403 because "the perception of propensity and actual prejudice is unavoidable"). Considering the foregoing, we cannot say that the district court's balancing pursuant to Rule 11-403 was clearly contrary to logic or reason, and thus we cannot conclude that the district court abused its discretion. *See Otto*, 2007-NMSC-012, ¶ 9.

**{7}** The State argues that the relevance of the evidence of Defendant's drug use in the days prior to Child's death is increased by Defendant's alleged theory of the case. [MIO 9] Even accepting this assertion as true, that increased relevance still has to be weighed against the prejudice to Defendant that would result from portraying him as a repeated drug user. *See* Rule 11-403 (stating that evidence that would otherwise be relevant and admissible may nonetheless be excluded if it fails the balancing test outlined in Rule 11-403). The district court weighed the value of that evidence, allowed limited evidence of drug use, and determined that evidence of repeated drug use would be unduly prejudicial. Given cases that indicate prior drug transactions or usage can be extremely prejudicial, *see Rael*, 1994-NMCA-043, ¶ 16, and the fact that the district court ruled that limited evidence of Defendant's drug use with Ms. Kelley would be allowed, we conclude that the State has failed to establish that the district court's balancing of the probative and prejudicial value of the evidence at hand was contrary to what logic or reason requires. *SeeOtto*, 2007-NMSC-012, ¶ 9.

**{8}** Finally, we note that the State's docketing statement contended that the evidence at issue should be admissible as relevant to the alleged conspiracy to tamper with evidence between Defendant and Ms. Kelley. [DS 10] The State's memorandum in opposition, however, fails to address this contention, and we thus deem it abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**{9}** For the foregoing reasons, we affirm.

**{10}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**