This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38683**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EDUARDO TRISTE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for fraud and securities fraud. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant maintains that evidence of his prior no contest plea to fraud and resulting conditional discharge were improperly admitted by the district court in violation of Rule 11-404(B) NMRA and Rule 11-403 NMRA. [MIO PDF 6] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that

on a particular occasion the person acted in accordance with the character." Rule 11-404(B)(1). "Rule 11-404(B) is a rule of inclusion, not exclusion, providing for the admission of all evidence of other acts that are relevant to an issue in trial, other than the general propensity to commit the crime charged." *State v. Bailey*, 2017-NMSC-001, ¶ 14, 386 P.3d 1007 (alteration, internal quotation marks, and citation omitted). Rule 11-404(B)(2) itself provides a non-exhaustive list of potential, permissible reasons to admit such evidence, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evidence is properly excluded under Rule 11-403 as unfairly prejudicial "if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted).

{3}     "Admission of evidence . . . under Rule 11-404(B) . . . is within the sound discretion of the [district] court, and its determination will not be disturbed on appeal in the absence of an abuse of discretion." *State v. Romero*, 2019-NMSC-007, ¶ 26, 435 P.3d 1231. "Likewise, the exclusion of relevant evidence under Rule 11-403 . . . explicitly recognizes the large discretionary role of the [district] court in controlling the introduction of evidence." *Romero*, 2019-NMSC-007, ¶ 26 (alterations, internal quotation marks, and citation omitted). "[A]n abuse of discretion results when the [district] court's decision is contrary to logic and reason." *Id.* (internal quotation marks and citation omitted).

{4}     The State's theory of the case was that Defendant misappropriated money given to him by Victim for the purpose of investment in a chile business, using it to instead pay restitution payments required under his previous no contest plea and resulting probation for fraud. [MIO PDF 10] As Defendant acknowledges in his memorandum in opposition, this evidence was introduced at trial by the State as relevant to the question of Defendant's guilt. [MIO PDF 10] As such, the district court did not err in admitting this evidence for a non-propensity purpose under Rule 11-404(B).

{5}     Defendant nonetheless maintains that this evidence should have been excluded as unfairly prejudicial under Rule 11-403. [MIO PDF 10] However, the only argument Defendant makes supporting this contention is that it would have been less prejudicial for the district court to exclude the name of the felony committed. [MIO PDF 10] This falls far short of demonstrating that the district court's decision was contrary to logic or reason in such a fashion that this Court would be required to conclude that it abused its discretion in applying Rule 11-403. Accordingly, we conclude Defendant has failed to demonstrate error in the district court's admission of evidence regarding Defendant's past felony conviction for fraud.

{6}     Defendant additionally maintains that the district court erred in limiting defense counsel's closing argument related to reasonable doubt, when he asked Defendant to "move on" during closing arguments. [MIO PDF 13] However, Defendant's

memorandum in opposition again fails to provide any details regarding exactly what argument regarding reasonable doubt he was prevented from making. Instead, Defendant vaguely asserts that he was relying entirely on the uniform jury instruction (UJI) in his argument to the jury. [MIO PDF 14] Importantly, the record indicates that the jury was properly instructed on reasonable doubt, pursuant to the UJI. [1 RP 106] Based on Defendant's factual representations in the docketing statement and memorandum in opposition, it does not appear that Defendant was wholly prevented from arguing anything regarding reasonable doubt to the jury, but instead was permitted to make argument, after which the district court instructed Defendant to move on. Given the foregoing, Defendant has failed to demonstrate that he was unduly prejudiced by the district court's instruction to "move on" from his discussion of reasonable doubt. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings[,]" and "it is [the d]efendant's burden on appeal to demonstrate any claimed error below" (alteration, internal quotation marks, and citation omitted)); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{7}     For the foregoing reasons, we affirm Defendant's convictions.

{8}     **IT IS SO ORDERED**.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**