This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39097**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**STEPHEN ROBERT SNYDER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State has appealed from an order excluding certain evidence. We issued a notice of proposed summary disposition in which we proposed to reject the assertion of error. The State has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** As an initial matter, we understand the State to suggest that both the district court's approach to the application of Rule 11-404(B) NMRA and our own analysis reflect lack of awareness of the rule's "inclusionary" nature. [MIO 4, 7] However, Rule 11-404(B) is a rule of inclusion only to the extent that the evidence is offered for some proper purpose, rather than insinuating propensity to commit the crime charged. *State v. Phillips*, 2000-NMCA-028, ¶ 21, 128 N.M. 777, 999 P.2d 421. As described in the notice of proposed summary disposition, [CN 4] it is incumbent upon the State, as the proponent of the evidence in question, to demonstrate how that evidence bears upon a genuinely disputed issue. *See State v. Gwynne*, 2018-NMCA-033, ¶ 21, 417 P.3d 1157.

**{4}** Originally, the State suggested that the evidence provided context or corroboration. [DS 7] In the notice of proposed summary disposition we observed that these are problematic theories, as they tend toward propensity, and have been largely disavowed for that reason. [CN 3] *See State v. Marquez*, 2021-NMCA-046, ¶¶ 19-21, 495 P.3d 1150.

**{5}** In its memorandum in opposition the State now focuses on an alternative theory, suggesting that the evidence should be admitted for the purpose of establishing the unlawfulness of Defendant's conduct, and relatedly, his intent. [MIO 5-6] However, nothing about the alleged events, which form the basis for the charges or the apparent defense strategy, suggest that either intent or unlawfulness are genuinely disputed, in a manner which would render the evidence in question material to the State's presentation. *See generally Gwynne*, 2018-NMCA-033, ¶ 21 (observing that it is the proponent's burden to cogently inform the court of the rationale for admitting evidence to prove something that is materially at issue); *State v. Gaitan*, 2002-NMSC-007, ¶ 26, 131 N.M. 758, 42 P.3d 1207 (indicating that in order to admit evidence under Rule 11-404(B), the court must find that the evidence is relevant to a genuinely disputed issue, other than the defendant's character). It will be for the jury to determine whether the alleged events occurred. If the jury determines that the alleged events occurred, there does not appear to be any basis for dispute as to either the unlawfulness of Defendant's actions or his intent. We therefore reject the State's suggestion that the evidence in question should have been deemed admissible for the purpose of establishing either of these matters. Of course, the district court remains at liberty to revisit this, if there are developments at trial which render reconsideration appropriate. *See generally State v. Carrillo*, 2017-NMSC-023, ¶ 33, 399 P.3d 367 (reiterating that "it is often impossible to make definitive evidentiary rulings prior to trial because admissibility will depend on the state of the evidence at the time of the ruling. As the trial unfolds, it may be proper for the district court to revisit, and modify or reverse its prior ruling" (omission, alterations, internal quotation marks, and citation omitted)).

**{6}** Finally, the State suggests that the evidence was somehow relevant to rebut the defense theory that Victim's descriptions of sexual abuse were based on suggestions or

information that she received from family members. [MIO 7-8] However, the State fails to explain how the excluded evidence would undermine that theory. To the contrary, if the episodes described by Victim were consistent with the ex-wife's account of Defendant's sexual preferences and proclivities, as the State suggests, [DS 5] that might tend to support to the defense theory, that Victim's account is predicated upon extraneous information or suggestion. We therefore remain unpersuaded that this supplies an appropriate basis for admission.

{7}     Ultimately, it is beyond dispute that that the excluded evidence is inflammatory in nature, and it would suggest propensity. For the reasons previously described, the presentation of that evidence to the jury would serve little if any proper purpose. As such, it was subject to exclusion. *Cf. State v. Adamo*, 2018-NMCA-013, ¶ 39, 409 P.3d 1002 (observing that evidence which served no purpose other than to portray a defendant as a "sexual deviant" was not admissible under Rule 11-404(B)).  Given the district court's broad discretion, including under Rule 11-403 NMRA, we perceive no basis for reversal. *See generally State v. Bailey*, 2017-NMSC-001, ¶ 12, 386 P.3d 1007 (observing that the trial court cannot be said to have abused its discretion unless its ruling is clearly untenable or not justified by reason); *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031 ("[R]ulings on matters of doubtful relevance . . . and the counterbalances . . . under Rule 11-403 are left to the broad discretion of the district court.").

{8}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{9}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**