This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40055**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MONIQUE MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Bauer, Chief Public Defender
MJ Edge, Assistant Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals from her convictions, after a jury trial, of possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23 (2019, amended 2021) and concealing identity, contrary to NMSA 1978, Section 30-22-3 (1963), as set forth in the district court's judgment and sentence. Defendant raises two issues on appeal.

**{3}** First, Defendant contends that during her jury trial, the district court erred in allowing the State to introduce testimony concerning her lawful possession of suboxone. [BIC 4] Defendant argues that this testimony was more prejudicial than it was probative, particularly in light of suboxone's common use as a treatment for drug addiction. [BIC 6-7] *See* Rule 11-403 NMRA ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "An abuse of discretion is a ruling that is clearly untenable or not justified by reason." *State v. Smith*, 2016-NMSC-007, ¶ 27, 367 P.3d 420 (internal quotation marks and citation omitted). "If there are reasons both for and against a court's decision, there is no abuse of discretion." *Id.* Defendant bears the burden of establishing that the district court abused its discretion. *State v. Sanchez*, 1995-NMSC-053, ¶ 17, 120 N.M. 247, 901 P.2d 178.

**{4}** For purposes of Rule 11-403, the term unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Bailey*, 2017-NMSC-001, ¶ 16, 386 P.3d 1007 (internal quotation marks and citation omitted). "Evidence is unfairly prejudicial if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *Id.* (internal quotation marks and citation omitted). Because a determination of unfair prejudice is fact-sensitive, much deference is given to district court judges to fairly weigh probative value against probable dangers. *See id.*

**{5}** In Defendant's case, upon her arrest for shoplifting, a police officer searched her purse and wallet, and "[i]nside a pocket in Defendant's wallet" [AB 5], the police officer found "a package of a white crystalline substance next to a film of suboxone." [BIC 2] The white crystalline substance tested positive for methamphetamine. [BIC 2] As to the suboxone, "Defendant told the officer that she had a prescription but was unable to provide proof." [AB 5]

**{6}** Prior to trial, Defendant's counsel objected to the presentation of testimony and evidence of the possession of suboxone on the basis that it was more prejudicial than probative. [BIC 3] The State argued that Defendant's statement to the officer that she had a prescription for suboxone made it probative of Defendant's possession of methamphetamine, because they were found in proximity in the same pocket of

Defendant's wallet. [BIC 3, AB 7] The district court allowed limited testimony and evidence concerning Defendant's possession of the suboxone, but prohibited the State from arguing that Defendant was "dishonest" or "lied" about having a suboxone prescription. [BIC 4, AB 7-8] It appears that the State argued that this was "other acts evidence" [AB 7], but on appeal, Defendant solely argues that this evidence was more prejudicial than probative, in violation of Rule 11-403 [BIC 4-5].

**{7}** At trial, Defendant's opening statement posited that the evidence would be insufficient to prove that Defendant knew the methamphetamine was in her wallet. [AB 9] In order to prove that Defendant was in possession of methamphetamine, the jury instruction required the State to prove that Defendant had methamphetamine in her possession and Defendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law. [RP 143]

**{8}** In light of these facts, we conclude that the district court did not abuse its discretion in allowing the State to present limited evidence and testimony that Defendant had suboxone in her wallet. Based on these facts, it appears that the suboxone was in the same pocket of Defendant's wallet as the methamphetamine, and Defendant acknowledged that she was aware of the suboxone and that it was hers, by informing the police officer that she had a prescription for suboxone. Thus, the presence of suboxone was circumstantial evidence that Defendant also knew that methamphetamine was in that pocket of her wallet. Reviewing for an abuse of discretion, and recalling that with this fact-sensitive inquiry, much leeway is given to district judges, we conclude that the district court did not err allowing the State to introduce this testimony concerning Defendant's possession of suboxone. *See* Rule 11-403; *Bailey*, 2017-NMSC-001, ¶ 16.

**{9}** Defendant raises a second claim of error; Defendant contends that the evidence was insufficient to support her conviction for concealing her identity. [BIC 7-9] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{10}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against

which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). The jury instructions for concealing identity required the State to prove beyond a reasonable doubt that Defendant concealed her true name or identity by giving a false name, date of birth, and/or social security number; Defendant did so with the intent to obstruct the execution of the law or hinder a public officer in the lawful performance of his or her duties; and this happened in New Mexico on or about the 30th day of August 2019. [RP 144]

**{11}** The following material evidence was presented at trial. Upon the police officer approaching Defendant at the store and asking Defendant for her identifying information, Defendant gave her name as "Vanessa Martinez" and a birth date of January 19, 1987. [BIC 1, AB 3] She also provided an inaccurate social security number to the officer. [AB 3] After the officer relayed the information to her dispatch, dispatch informed the officer that the information Defendant provided was incorrect. [BIC 2] Following Defendant's arrest and transport to jail, at the jail, Defendant identified herself again as "Vanessa Martinez" and repeated the fictitious social security number to the officer. [BIC 2, AB 4] The officer searched Defendant's wallet and found it contained Defendant's social security card and driver license. [BIC 2, AB 4] Neither the name nor the number on the social security card matched the information Defendant previously provided to the officer. [AB 4] The driver license also had a different name and birthdate on it. [AB 4]

**{12}** Defendant suggests that this evidence was insufficient to support her conviction for concealing identity because the State did not present evidence that the officer "faced some substantial inconvenience or expense in processing [Defendant]." [BIC 8] To support this argument, Defendant points this Court to *State v. Dawson*, 1999-NMCA-072, ¶ 12, 127 N.M. 472, 983 P.2d 421. [BIC 8-9] In *Dawson*, we held that Section 30-22-3 "requires a person to furnish identifying information immediately upon request or, if the person has reasonable concerns about the validity of the request, so soon thereafter as not to cause any 'substantial inconvenience or expense to the police.'" *Id.* (*quoting In re Suazo*, 1994-NMSC-070, ¶ 20, 117 N.M. 785, 877 P.2d 1088). In *Dawson*, the defendant refused to provide any identification to one officer, refused to answer several requests for identification by another officer before giving his last name, and provided his full name to a third officer only after an initial refusal. *Id.* ¶¶ 2-4. Thus, the defendant's delay in identifying himself caused substantial inconvenience to the officers. *Id.* ¶ 14.

**{13}** There is no analogous evidence in the record to support Defendant's *Dawson* argument here. Defendant claims that the officer was able to arrest Defendant without any delay or inconvenience. [BIC 8] However, there is no suggestion that Defendant gave false information because she had any reasonable concerns about the validity of the request from the officer, which needed to be resolved prior to any inconvenience or expense was incurred by the police, as *Dawson* states. *Id.* ¶ 12. While Defendant may have caused less inconvenience or expense than the defendant in *Dawson*, the *Dawson* analysis of whether the police faced "substantial inconvenience or expense" is inapplicable. *Id.* ¶ 12 (internal quotation marks and citation omitted). Defendant never

affirmatively or voluntarily supplied her correct identification and actually provided false information at two different points; rather, the officer discovered accurate information in her purse upon a search at the jail. Thus, the officer's investigation was delayed. Our case law is clear that "[a]ny delay in identifying oneself would hinder or interrupt law enforcement officers." *Id.* ¶ 12 (internal quotation marks and citation omitted). The jury could therefore properly conclude that, because Defendant refused to give accurate information, and instead gave false information more than once, she caused delay in the officer's identification, and Defendant intended to hinder the investigation.

**{14}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we propose to conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant committed concealing identity. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880; *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances. We do not re-weigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{15}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**