This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41728**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**AURELIO CHAVEZ CRISPIN a/k/a
AURELIO CHAVEZ-CRESPIN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Bruce Fox, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**{1}**    This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence for two counts of criminal sexual penetration of a minor in the first degree following a jury trial. [RP 201-03] Defendant argues that the district court abused its discretion by allowing a portion of Victim's testimony under Rule 11-403 NMRA [BIC 11-17; RB 1-2] and by denying Defendant's motion for a new trial. [BIC 17-20]

## I.      Defendant's Evidentiary Challenge

**{3}** Defendant contends that the district court erred by allowing Victim to testify that she believed Defendant gave her a plan B pill because the probative value of the testimony was outweighed by the prejudicial effect. [BIC 12-14; RB 1] Although Defendant agrees with the district court that "the evidence served as consciousness of guilt" [BIC 2; 13] and admits "served to make a fact of consequence, penetration, more probable" [BIC 13], Defendant argues that the testimony "arouse[d] the prejudices and passions of the jury" and penetration was otherwise established through Victim's testimony and Defendant's confession as testified to by a different witness. [BIC 13-14]

**{4}** We review a district court admission of evidence under Rule 11-403 for an abuse of discretion. *See State v. Bailey*, 2017-NMSC-001, ¶ 12, 386 P.3d 1007. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say [that a] trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). Rule 11-403 states that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Evidence is unfairly prejudicial if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *Bailey*, 2017-NMSC-001, ¶ 16 (internal quotation marks and citation omitted).

**{5}** According the Defendant's brief in chief, Victim testified that Defendant showed up at Victim's middle school to give her a pill that Defendant claimed was for her allergies. [BIC 4] Victim testified that Defendant did not normally go to her school, she did not have allergies, and this happened the day after Defendant had unprotected sex with Victim. [BIC 4] Victim then testified that looking back on this event, she believed that Defendant had given her a plan B pill. [BIC 4]

**{6}** We disagree with Defendant's contention that the district court erred in admitting Victim's testimony. Like Defendant admits, Victim's statements corroborated her testimony about Defendant's other, sexual acts—this "evidence served as consciousness of guilt" and "served to make a fact of consequence, penetration, more probable." [BIC 13] Although Defendant claims the testimony "would have also likely provoked outrage" [BIC 14] and "could have had an emotional impact . . . because of the implications it raised" [RB 1], this claim of prejudice is too speculative to find that the

admission of the testimony rose to the level of unfair prejudice. *Id.* ("Rule 11-403 does not guard against any prejudice whatsoever, but only against unfair prejudice.").

**{7}** Additionally, we decline to discuss Defendant's citation to out-of-state authority to support his argument. We see no reason to discuss the case when the issue presented in this appeal is answered by our own law. *See id.*; Rule 11-403. We conclude that whatever prejudicial effect Victim's testimony may have had did not outweigh its probative value or that the district court's decision was "clearly untenable or not justified by reason." *Bailey*, 2017-NMSC-001, ¶ 12 (internal quotation marks and citation omitted). Therefore, we hold that the district court did not abuse its discretion when admitting the testimony. Because we hold that the admission of the evidence was not in error, we decline to address Defendant's harmless error argument. [BIC 14-17]

## II.     Defendant's Motion for a New Trial

**{8}** Defendant additionally contends that the district court erred by denying his motion for a new trial based on newly discovered evidence. [BIC 17-20] Defendant asserts that evidence of Victim's involvement in the investigation and arrest of Defendant's son and Victim's brother in a separate matter for homicide provides a motive to fabricate Victim's allegations against Defendant to avoid criminal culpability. [BIC 7-8; 19]

**{9}** We "will not disturb a trial court's exercise of discretion in denying or granting a motion for a new trial unless there is a manifest abuse of discretion." *State v. Garcia*, 2005-NMSC-038, ¶ 7, 138 N.M. 659, 125 P.3d 638. A motion for new trial based on newly discovered evidence must establish:

> (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory.

*Id.* ¶ 8 (internal quotation marks and citation omitted). "Motions for new trials on the basis of newly discovered evidence are not encouraged." *State v. Desnoyers*, 2002-NMSC-031, ¶ 26, 132 N.M. 756, 55 P.3d 968, *abrogated on other grounds as recognized by State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144.

**{10}** The district court found that Defendant failed to meet the first and sixth factor. [RP 209, ¶¶ 22, 26] In relevant part, the district court found that the sixth factor was not met because the evidence "could only be used for impeachment of [Victim]." [RP 209, ¶ 6] We agree. "The term impeachment is confined by legal usage to efforts which tend primarily to show that the witness is not worthy of belief, in narration; in short, that he lies." *State v. Roybal*, 1928-NMSC-055, ¶ 17, 33 N.M. 540, 273 P. 919 (internal quotation marks omitted). Impeachment "gives a party the opportunity to discredit a witness, so the jury properly has a way to determine whether a witness is untruthful or

inaccurate." *State v. Layne*, 2008-NMCA-103, ¶ 13, 144 N.M. 574, 189 P.3d 707 (internal quotation marks and citation omitted).

**{11}** Defendant argues that the evidence "would have gone beyond impeachment to substantive evidence regarding her reason to disclose," citing our Supreme Court's decision in *State v. Volpato*. [BIC 20] *See* 1985-NMSC-017, ¶¶ 8-10, 102 N.M. 383, 696 P.2d 471 (reversing the denial of a motion for a new trial based on newly discovered evidence because, "[w]hile it is certainly true that [the witness's] testimony was contradictory of the [s]tate's evidence, her testimony regarding events occurring outside the store also corroborate[d the defendant's previously uncorroborated] account of events inside the store"). But based on Defendant's brief in chief, Defendant's newly discovered evidence would only corroborate Defendant in the sense that it would discredit Victim's testimony about Defendant's actions—the very definition of impeachment. Indeed, Defendant's argument repeats that the evidence would be used to impeach Victim. The evidence "suggest[s] a motive to fabricate" [BIC 7]; the evidence "suggest[s Victim] fabricated her allegations to avoid any criminal culpability" [BIC 8]; the evidence "suggest[s Victim] testified in order to avoid being charged" [BIC 8]; the evidence "went to [Victim's] credibility" [BIC 9]; "[i]t may have been the case that the jury would have acquitted [Defendant] if he had presented evidence supporting a theory that [Victim] fabricated the allegations" [BIC 19]; and the evidence "would have provided possible evidence of motivation." [BIC 20] As such, Defendant has not established that the newly discovered evidence is not "merely impeaching or contradictory," and we need not address Defendant's argument as to the first factor. *Garcia*, 2005-NMSC-038, ¶ 8 (internal citation omitted). Therefore, we conclude that the district court did not abuse its discretion by denying Defendant's motion for a new trial.

**{12}** For the foregoing reasons, we affirm.

**{13}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**